OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
CHRISTOPHER F. WONG, CA Bar No. 142507
christopher.wong@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
GREYHOUND LINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVIS, an individual<br><br>  Plaintiff,<br><br>  v.<br><br>GREYHOUND LINES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:17-CV-00600<br><br>**DEFENDANT GREYHOUND LINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Filed concurrently with Declarations of LaKita Williams and David Raizman; Certificate of Interested Parties and Corporate Disclosure Statement; and Civil Cover Sheet]<br><br>Complaint Filed: February 24, 2017<br>Trial Date:   None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Greyhound Lines, Inc. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Bernardino (the "State Court") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I. TIMELINESS OF REMOVAL

1. On February 24, 2017, plaintiff Edward Davis ("Plaintiff") filed an unverified Complaint in the State Court, commencing the action entitled *Edward Davis v. Greyhound Lines, Inc.,* Case No. CIVDS 1703304. A true and correct copy of the Complaint is attached as Exhibit "A" to this Notice of Removal.

2. The Complaint asserts a claim for Violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq*. ("Unruh Act").

3. Defendant's registered agent for service of process was served with the Complaint on February 27, 2017. A true and correct copy of the documents served on Defendant's registered agent is attached to this Notice as Exhibit "B."

4. On March 24, 2017, Defendant filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer to the Complaint is attached to this Notice as Exhibit "C."

5. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). As Defendant's registered agent for service of process was served with the summons and Complaint on February 27, 2017, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. Diversity of Citizenship

1. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

2. Plaintiff alleges that he was at all relevant times, and still is, a resident of the State of California. (*See* Complaint ¶ 4). Thus, Plaintiff is a citizen of California for purposes of determining diversity jurisdiction.

3. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The United States Supreme Court established the test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010). The Supreme Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

4. Defendant is incorporated in Delaware and maintains its principal place of business in Texas, where its officers direct, control, and coordinate the corporation's activities. (Declaration of LaKita Williams ("Williams Decl.") ¶ 3). Thus, Defendant is a citizen of Delaware and Texas for purposes of determining diversity jurisdiction.

5. Although Plaintiff has named "Doe" defendants, the citizenship of fictitiously-named "Doe" defendants is disregarded for purposes of removal. 28

U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  As Plaintiff and Defendant are citizens of different states under the applicable legal standards, complete diversity exists in this case.

### B. Amount-In-Controversy

1. In order to show that the amount in controversy requirement is satisfied, Defendant need only demonstrate, by a preponderance of evidence, that Plaintiff's claims meet the jurisdictional minimum.  28 U.S.C. § 1446(c)(2)(B).  In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977), *superseded on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant.  *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.'"); *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (same).  Ultimately, the removing defendant meets its burden of establishing the jurisdictional minimum amount in controversy if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

2. Here, based on the Unruh Act's recovery scheme and Plaintiff's theory of recovery as set forth in his Complaint, it is clear that the aggregate of monetary and nonmonetary relief at issue in this case exceeds $75,000.

3.  <u>Monetary Damages</u>:  Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions, such as nonmonetary relief, discussed below.  *See* 28 U.S.C. § 1446(c)(2).  In this regard, Plaintiff's alleged amount of monetary damages -- *i.e.*, up to $74,999 (Complaint ¶ 24 [alleging monetary recovery that "shall not exceed $74,999"]) -- nearly satisfies the amount in controversy requirement on its own.  *See*, *e.g.*, *Brown v. Citibank USA, N.A.*, 2014 U.S. Dist. LEXIS 158059, *4-*8 (C.D. Cal. Nov. 7, 2014) (interpreting the plaintiff's alleged damages of "no more than $75,000" as an amount in controversy of up to, but not in excess of, $75,000); *Jackson v. Specialized Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 154837, *25-*26 (C.D. Cal. Oct. 31, 2014) (same).  Further, while Defendant disputes any liability in this case, a review of the damages potentially recoverable under the Unruh Act and Plaintiff's theory of liability, which involves repeating claims and alleged ongoing violations by Defendant for months, demonstrates that the amount of monetary damages sought by Plaintiff in the Complaint satisfies the "good faith" requirement for purposes of removal under 28 U.S.C. § 1446(c)(2).

4.  The Unruh Act allows for recovery of a statutory minimum of $4,000 "for each and every offense" of its provisions.  Cal. Civ. Code § 52(a).  "'[E]ach offense' is each time the plaintiff visits the non-compliant place of public accommodation *or* each specific instance in which the plaintiff is deterred from attempting to visit." *Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1211-1212 (N.D. Cal. 2005) (emphasis added), *citing Arnold v. United Artists Theatre Circuit, Inc.* 866 F. Supp. 433 (N.D. Cal. 1994); Cal. Civ. Code § 55.56(b); *see Feezor v. Del Taco, Inc.*, 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005), *citing Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004); *Arnold*, 866 F. Supp. at 439.

5.  Plaintiff alleges he has not only experienced "multiple" past violations, but that he continues to be deterred from accessing Defendant's website and "visiting

1  Defendant's bus departure locations" on a regular, ongoing basis.  (Complaint ¶¶ 4,
2  16).  Specifically, Plaintiff alleges:
3        a.   "The access barriers on greyhound.com have caused a denial of
4           Plaintiff's full and equal access *multiple times in the past*, and
5           *now deter Plaintiff on a regular basis* from accessing
6           Defendant's website."  (Complaint ¶ 4 [emphasis added]).
7        b.   "Due to Defendant's failure and refusal to remove access barriers
8           to greyhound.com, Plaintiff and other blind and visually impaired
9           individuals have been and *are being denied* equal access to the
10           Greyhound bus depot locations and to the other services,
11           including bus schedules, offered to the public through
12           greyhound.com."  (Complaint ¶ 12 [emphasis added]).
13        c.   "Despite *several attempts* to use greyhound.com since December
14           2016, the numerous access barriers contained on Defendant's
15           website have denied Plaintiff's full and equal access, and
16           *Plaintiff continues to be deterred on a regular basis* from
17           accessing Defendant's website."  (Complaint ¶ 16 [emphasis
18           added]).
19        d.   "Defendant is violating [the Unruh Act], in that Defendant is
20           denying visually-impaired customers the services provided by
21           greyhound.com.  *These violations are ongoing*."  (Complaint ¶
22           19 [emphasis added]).
23    6.   Given Plaintiff's allegation that he has visited Defendant's website and
24  experienced purported access barriers on "several" occasions, and that he has been
25  continuously deterred from accessing the website on a "regular" and "ongoing" basis
26  for approximately four months ("since December 2016"), Plaintiff clearly is seeking
27  to demonstrate grounds for recovery based on numerous individual "offenses."  At
28  $4,000 per offense, Plaintiff certainly seeks, at the very least, $8,000 in statutory

damages.

7.    <u>Attorneys' Fees</u>:  Moreover, since attorneys' fees are recoverable as a matter of right for prevailing parties under the ADA and Unruh Act, the Court may also consider such fees when determining the amount in controversy.  Cal. Civ. Code § 52(a); *see Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Miera v. Dairyland Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002) (same).  Significantly, courts in the Central District have held that estimated fees during the litigation may be considered as part of the amount in controversy.  *See*, *e.g.*, *Oganesyan v. AT&T Mobility Servs., LLC*, 2014 U.S. Dist. LEXIS 132126, *7 (C.D. Cal. Sept. 18, 2014) (holding that where an underlying statute permits recovery of attorneys' fees, "the Court does not merely consider those fees which have already incurred; rather, it looks to the amount that can be reasonably estimated" when determining the amount in controversy); *Sawyer v. Retail, DATA, LLC*, 2015 U.S. Dist. LEXIS 57113, *6-*7 (C.D. Cal. Apr. 29, 2015) ("[Plaintiff's] claim for fees is authorized by Cal. Gov't Code § 12965(b), and thus her post-removal attorneys' fees are part of the 'amount at stake' in the action."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *11 (C.D. Cal. Mar. 3, 2015) (same).

8.    Based on Defendant's counsel's extensive experience with federal and state accessibility litigation, it is reasonably plausible that the combined alleged damages and expected attorneys' fees in this case exceed $75,000 (though Defendant disputes all claims for damages and attorneys' fees).  (Declaration of David Raizman ¶ 2).

9.    <u>Nonmonetary Damages</u>:  The Court may also consider the cost of nonmonetary relief alleged in Plaintiff's Complaint.  28 U.S.C. § 1446(c)(2)(A)(i).  In addition to monetary damages, Plaintiff seeks preliminary and permanent

1  injunctive relief "enjoining Defendants [*sic*] from violating" Unruh, and "requiring
2  Defendant to take the steps necessary to make greyhound.com readily accessible to
3  and usable by visually-impaired individuals . . . ." (Complaint, Prayer for Relief ¶¶
4  1, 2; *see* Complaint ¶ 22).  In the context of single-plaintiff cases, the Ninth Circuit
5  has adopted an "either viewpoint" rule such that "the test for determining the amount
6  in controversy is the *pecuniary result to either party which the judgment would*
7  *directly produce*."  *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d
8  952, 958 (9th Cir. 2001) (emphasis added); *see Sanchez*, 102 F.3d at 405 n. 6
9  (observing how the 9th Circuit "rejected the 'plaintiff-viewpoint' rule, which states
10 that courts attempting to determine the value of a claim for purposes of the amount in
11 controversy requirement should look only to the benefit to the plaintiff, rather than to
12 the potential loss to the defendant."), *citing  Ridder Bros, Inc. v. Blethen, et al.*, 142
13 F.2d 395, 398 (9th Cir. 1944) (noting "if the value of the thing to be accomplished
14 [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone
15 concerned in the action, then jurisdiction [is] satisfied.").  Accordingly, to the extent
16 the cost of remedying the alleged issues with Defendant's website, combined with
17 Plaintiff's alleged monetary damages, exceeds $75,000, the amount in controversy
18 requirement is met.

19       10.    There is little doubt the cost of implementing the changes sought in
20 Plaintiff's Complaint could meet the minimum amount in controversy for removal.
21 Plaintiff's Complaint notes several alleged types of barriers on Defendant's website,
22 including:  (1) "the lack of Alternative Text, or a text equivalent;" (2) "Redundant
23 Links where adjacent links go to the same URL address which results in additional
24 navigation and repetition for keyboard and screen reader users;" and (3) "Missing
25 form labels which presents a problem because if a form control does not have a
26 properly associated text label, the function or purpose of that form control may not
27 be presented to screen reader users." (Complaint ¶ 14).  Merely assessing a website
28 is a costly, complex, and labor intensive process, which includes examining the

website at the code level, performing an initial accessibility audit, quality assurance testing, and a subsequent verification audit. (Williams Decl. ¶ 4). To the extent barriers exist, there are additional costs associated with remediation of the alleged barriers. (*Id*.) The total process easily can exceed $75,000.00 on its own. Thus, based on the anticipated remediation cost, a conservative estimate of Plaintiff's demand for statutory damages, and the potential attorneys' fees sought in this action, it is clear that the $75,000 amount in controversy easily is met in this case.

### III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED.

1. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The San Bernardino County Superior Court is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

3. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Bernardino. Notice of Compliance shall be filed promptly afterwards with this Court.

4. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant concurrently filed its Certificate of Interested Parties and Corporate Disclosure Statement.

/ / /
/ / /
/ / /
/ / /
/ / /

1      5.    Based on all of the matters discussed above, Defendant removes the above-captioned action to the United States District Court for the Central District of California.

DATED:  March 29, 2017

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Christopher F. Wong
     Christopher F. Wong

Attorneys for Defendant
GREYHOUND LINES, INC.

29287696.1